# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

561

KA 13-01465

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V

MEMORANDUM AND ORDER

HAROLD HOWARD, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered January 30, 2013. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of a controlled substance in the fourth degree (§ 220.09 [1]). We reject defendant's contention that, because the traffic stop of his motor vehicle was, as defendant characterizes it, "pre-ordained," County Court erred in refusing to suppress the evidence obtained by the police following the stop. It is well settled that, "where a police officer has probable cause to believe that the driver of an automobile has committed a traffic violation, a stop does not violate [the state or federal constitutions, and] . . . neither the primary motivation of the officer nor a determination of what a reasonable traffic officer would have done under the circumstances is relevant" (*People v Robinson*, 97 NY2d 341, 349; *see Whren v United States*, 517 US 806, 812-813). Moreover, the credibility determinations of the suppression court "are entitled to great deference on appeal and will not be disturbed unless clearly unsupported by the record" (*People v Spann*, 82 AD3d 1013, 1014 [internal quotation marks omitted]). Here, the testimony of the police officer that he observed the passenger in defendant's vehicle without a seat belt as the vehicles passed each other, and smelled the odor of burnt marihuana when he approached defendant's passenger after the traffic stop, is not, contrary to defendant's contention, incredible as a matter of law (*see People v*

*Villanueva*, 137 AD2d 852, 853, *lv denied* 71 NY2d 1034). Nor did any alleged inconsistencies in the officer's testimony render it "manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (*People v James*, 19 AD3d 617, 618, *lv denied* 5 NY3d 829), or "demonstrate that it was a fabrication patently tailored to meet constitutional objections" (*People v Granger*, 122 AD3d 940, 941). Additionally, having justifiably stopped the vehicle for a traffic violation and having detected the odor of marihuana from inside it, the police had reasonable suspicion that the vehicle contained drugs, and the subsequent canine sniff was proper (*see People v Ponzo*, 111 AD3d 1347, 1348).

We reject defendant's further contention that the court and/or the prosecutor improperly informed the jury of the pretrial suppression ruling. We conclude that the court properly instructed the jury that it was not to consider the lawfulness of the stop of defendant's vehicle, and that instruction was appropriately balanced by instructions relating to credibility and the testimony of police officers (*see People v Murphy*, 284 AD2d 120, 120, *lv denied* 97 NY2d 685).

Defendant contends that his Sixth Amendment right of confrontation was violated by the court's pretrial ruling that the entirety of the passenger's statement made to the police during the traffic stop would be admissible if defendant "opened the door" by offering a part thereof (*see generally People v Rogers*, 103 AD3d 1150, 1153, *lv denied* 21 NY3d 946). That contention is not preserved for our review inasmuch as defendant failed to object to the admission of the entire statement on that specific ground (*see People v Rivera*, 33 AD3d 450, 450-451, *lv denied* 7 NY3d 928), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Contrary to defendant's contention, we conclude that the court properly exercised its discretion in conducting an in camera inquiry and in sua sponte excusing a venireperson who expressed fear of retribution during jury selection (*see People v Wilson*, 88 NY2d 363, 378-379; *People v Stone*, 239 AD2d 872, 873, *lv denied* 90 NY2d 943), and we conclude that defendant was not deprived of his right to counsel or to the selection of an impartial jury thereby (*see Wilson*, 88 NY2d at 378-379).

We reject defendant's further contention that the court erred in permitting the prosecutor to elicit hearsay from a police witness. The testimony of the police officer that he told his partner in the patrol vehicle that he had observed a seat belt violation in defendant's vehicle was not offered for the truth of the matter but, rather was offered for the effect on the listener, i.e., to explain the conduct of the partner, as the operator of the police vehicle, in stopping defendant's vehicle (*see People v Lester*, 83 AD3d 1578, 1579, *lv denied* 17 NY3d 818). We therefore further conclude, contrary to defendant's contention, that his counsel was not ineffective in failing to object to that testimony (*see generally People v Loomis*,

126 AD3d 1394, 1394-1395).

Defendant further contends that the prosecutor improperly bolstered the credibility of a police officer by asking the officer on redirect examination if he would be jeopardizing his career by "mak[ing] this stuff up" over "one arrest," and by making comments of a similar nature during summation.  Although that tactic is generally impermissible (*see People v Webb*, 68 AD2d 331, 333; *see also People v Bonaparte*, 98 AD2d 778, 778), we conclude that, under the circumstances, it was fair response, respectively, to defense counsel's cross-examination of that witness (*see People v Celdo*, 291 AD2d 357, 358, *lv denied* 98 NY2d 673; *People v Greenhagen*, 78 AD2d 964, 965, *lv denied* 52 NY2d 833), and defense counsel's summation (*see People v Balnavis*, 175 AD2d 134, 134, *lv denied* 79 NY2d 824; *People v Hernandez*, 128 AD2d 637, 637, *lv denied* 70 NY2d 648).

Although we agree with defendant that it was improper for the prosecutor to comment upon and emphasize the hollow-point nature of the bullets in the recovered gun, that impropriety was not so egregious as to deny defendant a fair trial (*see generally People v Diaz*, 52 AD3d 1230, 1231, *lv denied* 11 NY3d 831).

Finally, we have reviewed the remaining instances of alleged ineffective assistance of counsel raised by defendant and conclude that he received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

Entered:  June 12, 2015                    Frances E. Cafarell
                                           Clerk of the Court