# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**51**
**KA 16-01026**
PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND CURRAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,

V                                                 MEMORANDUM AND ORDER

JOYCE LEWIS, DEFENDANT-RESPONDENT.

---

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA, FOR APPELLANT.

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (MARK C. DAVISON OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an oral order of the Ontario County Court (Stephen D. Aronson, A.J.), rendered August 13, 2015. The oral order granted that part of defendant's omnibus motion seeking to suppress evidence and dismissed the charges in the superior court information.

It is hereby ORDERED that the oral order so appealed from is unanimously reversed on the law, that part of the omnibus motion seeking to suppress evidence is denied, the superior court information is reinstated and the matter is remitted to Ontario County Court for further proceedings thereon.

Memorandum: The People appeal from an oral order (*see generally People v Elmer*, 19 NY3d 501, 507-508) granting that part of defendant's omnibus motion to suppress evidence seized as the fruit of the unlawful stop of defendant's vehicle, and dismissing the superior court information charging defendant with, inter alia, felony aggravated driving while intoxicated (Vehicle and Traffic Law §§ 1192 [2-a] [a]; 1193 [1] [c] [i] [A]). We agree with the People that the stop was based on probable cause and thus that County Court erred in granting that part of defendant's motion seeking suppression. The arresting deputy testified at the *Dunaway* hearing that he personally observed defendant's vehicle cross the center line and proceed into the lane for oncoming traffic. The vehicle remained in that lane for approximately two-tenths of a mile, in violation of Vehicle and Traffic Law § 1120 (a). Thus, the deputy, having personally observed the violation, had probable cause to stop the vehicle (*see People v Pealer*, 89 AD3d 1504, 1506, *affd* 20 NY3d 447, *cert denied* ___ US ___, 134 S Ct 105, *rearg denied* 24 NY3d 993; *People v Robinson*, 97 NY2d 341, 349; *People v Walker*, 128 AD3d 1499, 1500-1501, *lv denied* 26 NY3d 936). Once the deputy effectuated the stop, he noticed that defendant's eyes were watery and bloodshot, and he smelled the strong odor of alcohol on her breath. He conducted a series of field sobriety tests, all of which defendant failed. Thus, the deputy had

probable cause to arrest defendant for driving while intoxicated (*see People v Lewis*, 124 AD3d 1389, 1390-1391, *lv denied* 26 NY3d 931).

Entered:  February 10, 2017                    Frances E. Cafarell
                                               Clerk of the Court