People v Nikiteas (2018 NY Slip Op 08837)





People v Nikiteas


2018 NY Slip Op 08837


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


1317 KA 14-02101

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JON K. NIKITEAS, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (TIMOTHY S. DAVIS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Joanne M. Winslow, J.), rendered November 18, 2014. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of robbery in the first degree (Penal Law
§ 160.15 [4]) and criminal possession of a weapon in the second degree (§ 265.03 [3]). Defendant contends that Supreme Court erred in refusing to suppress evidence obtained after the police stopped his vehicle because the testimony of officers regarding their reasons for the stop were incredible and tailored to nullify constitutional objections. We reject that contention.
"It is well settled that, where a police officer has probable cause to believe that the driver of an automobile has committed a traffic violation, a stop does not violate [the state or federal constitutions, and] . . . neither the primary motivation of the officer nor a determination of what a reasonable traffic officer would have done under the circumstances is relevant' " (People v Howard, 129 AD3d 1469, 1470 [4th Dept 2015], lv denied 26 NY3d 968 [2015], reconsideration denied 26 NY3d 1089 [2015]). Furthermore, "the credibility determinations of the suppression court are entitled to great deference on appeal and will not be disturbed unless clearly unsupported by the record' " (id.).
Here, one of the officers who participated in the stop testified at the suppression hearing that he initially chose to follow defendant's vehicle because he could not see its registration sticker. While following the vehicle, the officers saw the vehicle's turn signal activated within only 50 feet of a turn in violation of Vehicle and Traffic Law § 1163 (b), which requires that a turn signal be activated no less than 100 feet before the turn. The officers then stopped the vehicle and observed that the registration sticker was affixed to the windshield but was curling at the corners, making it difficult to see. The officers roughly measured the distance between the intersection and where defendant activated his turn signal, confirming their estimate that the distance was approximately 50 feet.
Although the officers were mistaken in their initial belief that the vehicle lacked a registration sticker (see generally People v Jean-Pierre, 47 AD3d 445, 445 [1st Dept 2008], lv denied 10 NY3d 865 [2008]), that mistake and the issue whether it was reasonable is irrelevant because defendant's failure to activate his turn signal at the requisite distance before making the turn was alone sufficient to justify the stop (see Vehicle and Traffic Law § 1163 [b]; see also People v Cuffie, 109 AD3d 1200, 1201 [4th Dept 2013], lv denied 22 NY3d 1087 [2014]). Indeed, the suppression court expressly determined as much by concluding that "defendant's failure to properly signal a turn . . . provided an independent lawful basis for the stop."
Finally, contrary to defendant's further contention, " [n]othing about the officer[s'] testimony was unbelievable as a matter of law, manifestly untrue, physically impossible, contrary to experience, . . . self-contradictory' " or tailored to nullify constitutional objections (People v Knighton, 144 AD3d 1594, 1594-1595 [4th Dept 2016], lv denied 28 NY3d 1147 [2017]). We therefore discern no basis in the record for disturbing the court's finding that probable cause existed for the traffic stop (see People v Rucker, 165 AD3d 1638, 1638 [4th Dept 2018]).
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court