People v Lewis (2020 NY Slip Op 00939)





People v Lewis


2020 NY Slip Op 00939


Decided on February 7, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


94 KA 18-00079

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOYCE LEWIS, DEFENDANT-APPELLANT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (MARK C. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (Stephen D. Aronson, A.J.), rendered August 3, 2017. The judgment convicted defendant upon a plea of guilty of aggravated driving while intoxicated, as a class E felony, and driving while intoxicated, as a class E felony. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of, inter alia, felony aggravated driving while intoxicated (Vehicle and Traffic Law §§ 1192 [2-a] [a]; 1193 [1] [c] [i] [A]). We affirm.
Defendant contends that she is entitled to suppression of evidence allegedly seized as the result of an unlawful traffic stop, notwithstanding this Court's determination on the People's prior appeal denying that part of defendant's omnibus motion seeking to suppress evidence (People v Lewis, 147 AD3d 1481, 1481 [4th Dept 2017]). Our determination on the prior appeal, however, "constitutes the law of the case, and, absent a showing of manifest error in the prior decision or that exceptional circumstances exist warranting departure from the law of the case doctrine, . . . defendant is precluded from having this issue reconsidered" (People v Breazil, 110 AD3d 913, 913 [2d Dept 2013], lv denied 22 NY3d 1039 [2013] [internal quotation marks omitted]; see People v Wells, 93 AD3d 1172, 1173 [4th Dept 2012]; see generally People v Evans, 94 NY2d 499, 502-503 [2000], rearg denied 96 NY2d 755 [2001]). Defendant has made no such showing here (see Breazil, 110 AD3d at 913; Wells, 93 AD3d at 1173).
Finally, we conclude that the sentence is not unduly harsh or
severe.
Entered: February 7, 2020
Mark W. Bennett
Clerk of the Court