People v Williams (2024 NY Slip Op 00581)

People v Williams

2024 NY Slip Op 00581

Decided on February 2, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, BANNISTER, GREENWOOD, AND NOWAK, JJ.

1057 KA 23-00657

[*1]THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,
v
GREGORY W. WILLIAMS, DEFENDANT-RESPONDENT. 

GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR APPELLANT. 
AMDURSKY, PELKY, FENNELL & WALLEN, P.C., OSWEGO (AMY CHADWICK OF COUNSEL), FOR DEFENDANT-RESPONDENT.

 Appeal from an order of the Oswego County Court (Karen M. Brandt Brown, J.), entered October 20, 2022. The order granted that part of the omnibus motion of defendant seeking to suppress certain physical evidence. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law, that part of the omnibus motion seeking to suppress physical evidence is denied, and the matter is remitted to Oswego County Court for further proceedings on the indictment.
Memorandum: The People appeal from an order granting that part of defendant's omnibus motion to suppress physical evidence seized as the fruit of an unlawful stop of defendant's vehicle. We agree with the People that the stop was based on probable cause and thus that County Court erred in granting that part of defendant's motion seeking suppression. The deputy sheriff who initiated the stop testified at a hearing that he personally observed defendant's vehicle approach from approximately 100 feet away and drive by the location in which the deputy was parked. The deputy further testified that it was "dusk" at that time, and that defendant's vehicle was less than one car length from the vehicle in front while both vehicles were traveling at 65 miles per hour. The deputy, having personally observed defendant violate Vehicle and Traffic Law § 1129 (a), thus had probable cause to stop defendant's vehicle (see People v Lewis, 147 AD3d 1481, 1481 [4th Dept 2017]; see also People v Addison, 199 AD3d 1321, 1322 [4th Dept 2021]; see generally People v Robinson, 97 NY2d 341, 349 [2001]).
We further agree with the People that, to the extent the court's decision also found the stop unlawful on the basis that it was pretextual, that was error. It is well settled that " 'where a police officer has probable cause to believe that the driver of an automobile has committed a traffic violation, a stop does not violate [the state or federal constitutions, and] . . . neither the primary motivation of the officer nor a determination of what a reasonable traffic officer would have done under the circumstances is relevant' " (Addison, 199 AD3d at 1321-1322, quoting Robinson, 97 NY2d at 349; see People v Howard, 129 AD3d 1469, 1470 [4th Dept 2015], lv denied 26 NY3d 968 [2015], reconsideration denied 26 NY3d 1089 [2015]). In light of the deputy having personally observed defendant commit a traffic violation, the stop was properly based upon probable cause, and the deputy's other motivations in stopping the vehicle, if any, were irrelevant to determining whether the stop was lawful (see Robinson, 97 NY2d at 349; Howard, 129 AD3d at 1470).
Entered: February 2, 2024
Ann Dillon Flynn
Clerk of the Court