■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD SPENCER, Appellant. [692 NYS2d 281] —Judgment unanimously affirmed. Memorandum: Defendant was convicted

of two counts of rape in the first degree (Penal Law § 130.35 [1], [3]) and one count of endangering the welfare of a child (Penal Law § 260.10 [1]). We reject the contention of defendant that he was denied effective assistance of counsel. Defendant failed to demonstrate the absence of a strategic explanation for defense counsel's failure to cross-examine the victim concerning inconsistencies in her Grand Jury and trial testimony (*see, People v Garcia,* 75 NY2d 973, 974). The evidence, the law and the circumstances of this case, "viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (*People v Baldi,* 54 NY2d 137, 147).

Defendant failed to preserve for our review his present contention that portions of the testimony of the People's medical expert were inadmissible (*see, People v Harrison,* 176 AD2d 1199, *lv denied* 79 NY2d 827). In any event, the testimony was properly admitted as relevant to diagnosis and treatment (*see, People v Torres,* 175 AD2d 635, *lv denied* 78 NY2d 1082). The verdict is supported by legally sufficient evidence and is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). (Appeal from Judgment of Supreme Court, Erie County, Burns, J.—Rape, 1st Degree.) Present—Green, J. P., Lawton, Pigott, Jr., Callahan and Balio, JJ.