# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

661
KA 10-01390
PRESENT: SMITH, J.P., PERADOTTO, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

LASZLO BIRO, DEFENDANT-APPELLANT.

---

TERRENCE BAXTER, BATH, FOR DEFENDANT-APPELLANT.

JOHN C. TUNNEY, DISTRICT ATTORNEY, BATH (BROOKS T. BAKER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Steuben County Court (Joseph W. Latham, J.), rendered September 30, 2009.  The judgment convicted defendant, upon a jury verdict, of felony aggravated driving while intoxicated, felony driving while intoxicated, and aggravated unlicensed operation of a motor vehicle in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  Defendant appeals from a judgment convicting him upon a jury verdict of felony aggravated driving while intoxicated (Vehicle and Traffic Law § 1192 [former (2-a)]; § 1193 [1] [c] [former (ii)]), felony driving while intoxicated (§ 1192 [3]; § 1193 [1] [c] [former (ii)]), and aggravated unlicensed operation of a motor vehicle in the first degree (§ 511 [3] [a] [iii]).  We reject the contention of defendant that he was denied effective assistance of counsel based upon defense counsel's alleged failure to conduct an adequate cross-examination of the arresting officer and the officer who administered the breathalyzer test.  "To prevail on a claim of ineffective assistance, defendant[] must demonstrate that [he was] deprived of a fair trial by less than meaningful representation; a simple disagreement with strategies, tactics or the scope of possible cross-examination, weighed long after the trial, does not suffice" (*People v Flores*, 84 NY2d 184, 187).  Although defense counsel did not cross-examine the officers concerning administration of the field and chemical sobriety tests, defendant fails to identify a single error in those tests with respect to which defense counsel should have inquired.  Moreover, the record establishes that defense counsel's strategy was to challenge the People's allegation that defendant was operating the vehicle in question, an element of the charges against him (*see* § 511 [3] [a] [iii]; § 1192 [former (2-a)], [3]).  In accordance with that strategy, defense counsel elicited testimony during cross-examination of the officers that the vehicle was stopped

and the engine was off when they approached it, that the vehicle appeared to be disabled and that the vehicle may have been operated by defendant's father, who was sitting in the passenger seat thereof.

We reject the further contention of defendant that he was denied effective assistance of counsel based on defense counsel's failure to request a hearing pursuant to *People v Ingle* (36 NY2d 413) to challenge the legality of the vehicle stop or a probable cause hearing to challenge the legality of defendant's arrest.  It is well settled that "a showing that [defense] counsel failed to make a particular pretrial motion generally does not, by itself, establish ineffective assistance of counsel" (*People v Rivera*, 71 NY2d 705, 709; *see also People v Webster*, 56 AD3d 1242, *lv denied* 11 NY3d 931).  Here, the record establishes that the police had the authority to approach the vehicle and request identification from defendant inasmuch as the vehicle was parked partially in the traffic lane of a roadway, thereby creating a traffic hazard (*see generally People v Richardson*, 27 AD3d 1168, 1169; *People v Dunnigan*, 1 AD3d 930, 931, *lv denied* 1 NY3d 627).  The record also establishes that the police had probable cause to arrest defendant based on, inter alia, the odor of alcohol and the open container of alcohol in the vehicle, defendant's admission that he had been drinking and his failure to pass field sobriety tests (*see People v D'Augustino*, 272 AD2d 914, *lv denied* 95 NY2d 851; *People v Schroeder*, 229 AD2d 917).  Thus, defendant was not denied effective assistance of counsel based on defense counsel's failure to "make . . . motion[s] . . . that ha[d] little or no chance of success" (*People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702).

We have reviewed the remaining instances of alleged ineffective assistance of counsel raised by defendant and conclude that he received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

Finally, we note that the certificate of conviction incorrectly reflects that defendant was convicted of felony driving while intoxicated under Vehicle and Traffic Law § 1192 (2), and it must therefore be amended to reflect that he was convicted of felony aggravated driving while intoxicated under Vehicle and Traffic Law § 1192 (former [2-a]) (*see People v Saxton*, 32 AD3d 1286).

Entered:  June 10, 2011                              Patricia L. Morgan
                                                     Clerk of the Court