# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**321**

**KA 13-02061**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

CLARENCE W. LOOMIS, DEFENDANT-APPELLANT.

---

MITCHELL LAW OFFICE, OSWEGO (RICHARD C. MITCHELL, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered October 1, 2013. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree (two counts) and sexual abuse in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of two counts of sexual abuse in the first degree (Penal Law § 130.65 [3]), and one count of sexual abuse in the second degree (§ 130.60 [2]), defendant contends that he was denied effective assistance of counsel because his attorney failed to object at trial to the introduction of his written statements to the police on the ground that he could not read or write, and to certain questioning by the prosecutor of a prosecution witness. We reject that contention. With respect to defendant's contention concerning his written statements, it is well settled that "[t]here can be no denial of effective assistance of trial counsel arising from counsel's failure to 'make a motion or argument that has little or no chance of success' " (*People v Caban*, 5 NY3d 143, 152, quoting *People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702). Furthermore, in order "[t]o prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate the absence of strategic or other legitimate explanations for counsel's failure to pursue 'colorable' claims" (*People v Garcia*, 75 NY2d 973, 974, quoting *People v Rivera*, 71 NY2d 705, 709; *see People v Carver*, 124 AD3d 1276, 1279). In addition, a "single error may qualify as ineffective assistance, but only when the error is sufficiently egregious and prejudicial as to compromise a defendant's right to a fair trial" (*Caban*, 5 NY3d at 152; *see People v Atkins*, 107 AD3d 1465, 1465, *lv denied* 21 NY3d 1040).

Here, an objection to the introduction of defendant's written statements had virtually no chance of success (*see e.g. People v Maerling*, 46 NY2d 289, 294, 303; *People v Bray*, 295 AD2d 996, 997, *lv denied* 98 NY2d 694), defendant failed to establish that counsel did not have tactical or other valid reasons for failing to object (*see Garcia*, 75 NY2d at 974), and he failed to demonstrate any prejudice from this alleged error (*see Caban*, 5 NY3d at 152). Consequently, with respect to that contention and to the remaining ground that defendant raises in support of his contention of ineffective assistance of counsel, we conclude that "the evidence, the law, and the circumstances of [this] particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (*People v Baldi*, 54 NY2d 137, 147; *see People v Hall*, 106 AD3d 1513, 1514, *lv denied* 22 NY3d 956).

The sentence is not unduly harsh or severe.

Entered:  March 20, 2015                    Frances E. Cafarell
                                            Clerk of the Court