■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCELLUS W. TIMMONS, Also Known as HEAVY, Appellant. [56 NYS3d 729]—

Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered November 4, 2013. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of murder in the second degree (Penal Law § 125.25 [1]). Defendant testified in his own defense, and admitted to stabbing, strangling, and beating the

victim to death at the conclusion of a night at the victim's apartment. Defendant was sentenced to an indeterminate prison term of 22 years to life.

County Court properly denied defendant's request for a jury charge on extreme emotional disturbance (EED). "[A] defendant is precluded from raising any defense predicated on a mental infirmity, including [EED], if the defendant fails to file and serve a timely notice of intent to present psychiatric evidence" (*People v Diaz*, 15 NY3d 40, 45 [2010]; *see* CPL 250.10 [2]), which is "broadly construed to encompass 'any' mental health evidence offered by a defendant, includ[ing] lay testimony" (*Diaz*, 15 NY3d at 47). Although "a defendant can choose to testify in his own defense to explain his actions without triggering the notice requirement of CPL 250.10 (2), . . . he would not be entitled to a jury instruction on [EED] pursuant to Penal Law § 125.25 (1) (a)" (*id.*). It is undisputed that defendant gave no notice pursuant to CPL 250.10.

Defendant's challenge to the legal sufficiency of the evidence disproving justification is unpreserved for our review because it was not raised in his motion for a trial order of dismissal (*see People v Fafone*, 129 AD3d 1667, 1668 [2015], *lv denied* 26 NY3d 1039 [2015]). Defendant's challenge to the legal sufficiency of the evidence of his intent to kill the victim is without merit inasmuch as he admitted that he stabbed the victim in the neck with a screwdriver and strangled him (*see generally People v Ross*, 270 AD2d 36, 36 [2000], *lv denied* 95 NY2d 803 [2000]; *People v Keller*, 246 AD2d 828, 829 [1998], *lv denied* 91 NY2d 1009 [1989]; *People v Wallace*, 217 AD2d 918, 918-919 [1995], *lv denied* 86 NY2d 847 [1995]).

Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence because his own testimony raised a justification defense (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). "Great deference is accorded to the fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor" (*Bleakley*, 69 NY2d at 495), and "the jury was free to reject all of defendant's testimony or to selectively credit any part that [it] deemed worthy of belief and reject the rest" (*People v Rose*, 215 AD2d 875, 876 [1995], *lv denied* 86 NY2d 801 [1995]). We likewise reject defendant's contention that the court's *Sandoval* ruling was an abuse of discretion. By precluding the People from questioning defendant concerning four convictions and limiting questioning about two others, the court's ruling reasonably "limited both the

number of convictions and the scope of permissible cross-examination" (*People v Hayes*, 97 NY2d 203, 208 [2002]).

Insofar as defendant's claims of ineffective assistance of counsel are based on matters outside the record, the proper avenue for those claims is a CPL article 440 motion (*see People v Jones*, 63 AD3d 1582, 1583 [2009], *lv denied* 13 NY3d 797 [2009]). Those claims of ineffective assistance that are properly before us are without merit, because they relate to defense counsel's failure to make certain motions and objections, none of which was likely to succeed (*see People v Patterson*, 115 AD3d 1174, 1175-1176 [2014], *lv denied* 23 NY3d 1066 [2014]). Viewing the evidence, the law, and the circumstances of this case, in totality and as of the time of the representation, we conclude that defense counsel provided meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]).

Finally, we reject defendant's challenge to the severity of the sentence, including his challenge to the seven-year increase from the People's pretrial plea offer (*see generally People v Lewis*, 93 AD3d 1264, 1267 [2012], *lv denied* 19 NY3d 963 [2012]). Present—Smith, J.P., Peradotto, DeJoseph, NeMoyer and Curran, JJ.