People v Lasher (2018 NY Slip Op 05092)





People v Lasher


2018 NY Slip Op 05092


Decided on July 6, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, LINDLEY, AND WINSLOW, JJ.


615 KA 16-02082

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
THOMAS M. LASHER, DEFENDANT-APPELLANT. 






DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (THERESA L. PREZIOSO OF COUNSEL), FOR DEFENDANT-APPELLANT.
CAROLINE A. WOJTASZEK, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Niagara County (Richard C. Kloch, Sr., J.), rendered June 21, 2016. The judgment convicted defendant, upon a jury verdict, of attempted murder in the second degree and assault in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]) and assault in the first degree (§ 120.10 [1]). Defendant's challenge to the legal sufficiency of the evidence disproving justification is unpreserved for our review because his motion for a trial order of dismissal was not " specifically directed' at" that alleged shortcoming in the evidence (People v Gray, 86 NY2d 10, 19 [1995]; see People v Timmons, 151 AD3d 1682, 1683 [4th Dept 2017], lv denied 30 NY3d 984 [2017]; People v Stoby, 4 AD3d 766, 766 [4th Dept 2004], lv denied 2 NY3d 807 [2004]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We reject defendant's contention that he was denied effective assistance of counsel. Defendant failed to establish "the absence of strategic or other legitimate explanations" for counsel's decision not to pursue the defense of extreme emotional disturbance (People v Rivera, 71 NY2d 705, 709 [1988]; see generally People v Lane, 60 NY2d 748, 750 [1983]; People v Castro, 76 AD3d 421, 426 [1st Dept 2010], lv denied 15 NY3d 892 [2010]). Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant was afforded meaningful representation (see generally People v Wragg, 26 NY3d 403, 412 [2015]; People v Baldi, 54 NY2d 137, 147 [1981]).
Finally, the sentence is not unduly harsh or severe.
Entered: July 6, 2018
Mark W. Bennett
Clerk of the Court