People v Healy (2020 NY Slip Op 02407)





People v Healy


2020 NY Slip Op 02407


Decided on April 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


230 KA 18-01413

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROBERT J. HEALY, DEFENDANT-APPELLANT.






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN MINISTERO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered December 14, 2017. The judgment convicted defendant upon a jury verdict of rape in the second degree (three counts), criminal sexual act in the second degree (two counts) and endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him after a jury trial of three counts of rape in the second degree (Penal Law § 130.30 [1]), two counts of criminal sexual act in the second degree (§ 130.45 [1]), and one count of endangering the welfare of a child (§ 260.10 [1]). Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction inasmuch as his general motion for a trial order of dismissal was not " specifically directed' at" the alleged shortcomings in the evidence asserted on appeal (People v Contreras, 154 AD3d 1320, 1320 [4th Dept 2017], lv denied 30 NY3d 1104 [2018], quoting People v Gray, 86 NY2d 10, 19 [1995]; see People v Williams, 110 AD3d 1458, 1459 [4th Dept 2013], lv denied 22 NY3d 1160 [2014]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]; People v Muscarella, 132 AD3d 1288, 1289 [4th Dept 2015], lv denied 26 NY3d 1147 [2016]).
We reject defendant's further contention that Supreme Court abused its discretion in refusing to direct production of the complainant's psychiatric records. Defendant failed to show " a reasonable likelihood that the records might contain material bearing on the reliability and accuracy of the [complainant's trial] testimony' " (People v Duwe, 164 AD3d 1256, 1257 [2d Dept 2018], lv denied 32 NY3d 1110 [2018], reconsideration denied 32 NY3d 1203 [2019]; see People v Duran, 276 AD2d 498, 498 [2d Dept 2000]; see generally People v Cox, 145 AD3d 1507, 1508 [4th Dept 2016], lv denied 29 NY3d 1030 [2017]).
We also reject defendant's contention that he was denied effective assistance of counsel. Defendant's contention that defense counsel was ineffective during the argument on defendant's motion seeking the production of the complainant's psychiatric records, the cross-examination of certain witnesses, and summation constitute a " simple disagreement with strategies, tactics or the scope of possible cross-examination, weighed long after the trial,' " and thus does not rise to the level of ineffective assistance (People v Biro, 85 AD3d 1570, 1571 [4th Dept 2011]; see People v Powell, 81 AD3d 1307, 1307 [4th Dept 2011], lv denied 17 NY3d 799 [2011]; People v Adams, 59 AD3d 928, 929 [4th Dept 2009], lv denied 12 NY3d 813 [2009]). Nor was defendant denied effective assistance by defense counsel's failure to call a witness to rebut the People's expert witness (see People v Nicholson, 118 AD3d 1423, 1425 [4th Dept 2014], affd 26 NY3d 813 [2016]; People v Washington, 122 AD3d 1406, 1406-1407 [4th Dept 2014], lv denied 25 [*2]NY3d 1173 [2015]).
We likewise reject defendant's contention that defense counsel was ineffective for failing to object to testimony that defendant was previously incarcerated. Such testimony was admissible in evidence inasmuch as it was relevant to a "material issue, other than the defendant's criminal propensity" and its "probative value [outweighed] its potential for undue prejudice" (People v Cass, 18 NY3d 553, 560 [2012]). Thus, defense counsel was not ineffective for failing to object to that testimony because there can be no denial of effective assistance of counsel arising from counsel's failure to raise an objection or argument that had little or no chance of success (see generally People v Loomis, 126 AD3d 1394, 1394 [4th Dept 2015]). Similarly, and contrary to defendant's contention, a nurse's testimony that the complainant disclosed defendant's conduct to her was admissible in evidence (see People v Spicola, 16 NY3d 441, 451 [2011], cert denied 565 US 942 [2011]), and thus counsel was not ineffective for failing to raise an objection to the nurse's testimony (see generally Loomis, 126 AD3d at 1394). Assuming, arguendo, that the testimony of the complainant's friend that complainant first disclosed defendant's conduct about eight months after the final alleged incident could not be admitted in evidence under the "prompt outcry" exception to the rule against hearsay (cf. People v Caban, 126 AD3d 808, 808-809 [2d Dept 2015], lv denied 27 NY3d 994 [2016]), we conclude that defense counsel's failure to object to that testimony did not constitute ineffective assistance inasmuch as the testimony may have been properly admitted for the purpose of completing the narrative and explaining the investigation (see People v Gross, 26 NY3d 689, 694-695 [2016]; People v Ludwig, 24 NY3d 221, 231 [2014]). Additionally, allowing such testimony could have been part of a trial strategy of attempting to undermine the complainant's credibility by establishing that the complainant did not make a disclosure contemporaneous with the alleged abuse (see generally People v Anderson, 159 AD3d 1592, 1594 [4th Dept 2018], lv denied 31 NY3d 1077 [2018], reconsideration denied 32 NY3d 934 [2018]; Biro, 85 AD3d at 1571).
Defendant's further contention that he was denied effective assistance of counsel based on defense counsel's alleged lack of trial preparedness, and his contention that defense counsel failed to bring to the court's attention that a juror was allegedly sleeping during the course of the trial, concern matters outside the record and must therefore be raised by way of a motion pursuant to CPL article 440 (see generally Nicholson, 118 AD3d at 1425; People v Moore, 41 AD3d 1149, 1150 [4th Dept 2007], lv denied 9 NY3d 879 [2007], reconsideration denied 9 NY3d 992 [2007]).
We reject defendant's contention that, because the conduct alleged in counts two, three, and four of the indictment occurred during the same incident, the court erred in imposing consecutive sentences on those counts. Where, as here, " the crimes are committed through separate and distinct acts, even though part of a single transaction, consecutive sentences are possible regardless of whether the statutory elements of the offenses overlap' " (People v Jackson, 101 AD3d 1685, 1685 [4th Dept 2012], lv denied 21 NY3d 1005 [2013]; see People v Lucie, 49 AD3d 1253, 1255 [4th Dept 2008], lv denied 10 NY3d 936 [2008]; People v Gaffney, 30 AD3d 1096, 1097 [4th Dept 2006], lv denied 7 NY3d 789 [2006]). Finally, the sentence is not unduly harsh or severe.
Entered: April 24, 2020
Mark W. Bennett
Clerk of the Court