People v Figueroa (2021 NY Slip Op 01894)





People v Figueroa


2021 NY Slip Op 01894


Decided on March 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., NEMOYER, CURRAN, AND WINSLOW, JJ.


163 KA 16-02155

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WALTER G. FIGUEROA, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (HELEN SYME OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered July 19, 2016. The judgment convicted defendant upon a plea of guilty of attempted criminal possession of a controlled substance in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal possession of a controlled substance in the second degree (Penal Law §§ 110.00, 220.18 [1]). As an initial matter, we conclude that both the signed written waiver of the right to appeal and the oral waiver colloquy mischaracterized the nature of the right to appeal and thus that defendant's waiver of the right to appeal is invalid (see People v Thomas, 34 NY3d 545, 565-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]).
Defendant contends in his main brief that he received ineffective assistance of counsel due to his second attorney's alleged failure to timely file a supplemental omnibus motion within an extended time period granted by County Court, and his second attorney's submission of an affidavit from defendant conceding that defendant lived at the residence where the drugs underlying his conviction were found. To the extent that the contention survives defendant's guilty plea (see generally People v Rizek [appeal No. 1], 64 AD3d 1180, 1180 [4th Dept 2009], lv denied 13 NY3d 862 [2009]), we reject it. As an initial matter, the record does not support defendant's contention that the court granted counsel an extension of time within which to file a motion to suppress as part of a supplemental omnibus motion. With respect to defendant's contention that counsel was ineffective for submitting the affidavit from defendant, we conclude that defendant failed on this record to demonstrate any prejudice from that alleged error (see generally People v Loomis, 126 AD3d 1394, 1395 [4th Dept 2015]).
By failing to move to withdraw the plea or vacate the judgment of conviction, defendant failed to preserve his contention in his pro se supplemental brief that his guilty plea was not knowing, voluntary, and intelligent (see People v Watkins, 77 AD3d 1403, 1403 [4th Dept 2010], lv denied 15 NY3d 956 [2010]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
We have considered defendant's remaining contentions in his pro se supplemental brief, and conclude that none warrants modification or reversal of the judgment.
Entered: March 26, 2021
Mark W. Bennett
Clerk of the Court