People v Saunders (2022 NY Slip Op 05639)

People v Saunders

2022 NY Slip Op 05639

Decided on October 7, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, WINSLOW, AND BANNISTER, JJ.

721 KA 18-01086

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LARRY G. SAUNDERS, DEFENDANT-APPELLANT. 

CHRISTY L. COOPER, BUFFALO, FOR DEFENDANT-APPELLANT.
BRIAN D. SEAMAN, DISTRICT ATTORNEY, LOCKPORT (LAURA T. JORDAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Niagara County Court (Matthew J. Murphy, III, J.), rendered August 30, 2017. The judgment convicted defendant upon a jury verdict of criminal sexual act in the first degree, strangulation in the second degree (three counts), rape in the first degree and predatory sexual assault. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of one count each of criminal sexual act in the first degree (Penal Law § 130.50 [1]), rape in the first degree
(§ 130.35 [1]), and predatory sexual assault (§ 130.95 [2]), and three counts of strangulation in the second degree (§ 121.12). Defendant's conviction arose from separate incidents in which he strangled and raped or sexually assaulted two female victims. Defendant contends that he was denied effective assistance of counsel on the ground that his attorney failed to retain an expert witness to question one of the victims about her bipolar disorder. We reject that contention. Defendant failed to demonstrate that defense counsel had no strategic reason or other legitimate explanation for failing to retain such an expert witness (see generally People v Hernandez, 192 AD3d 1528, 1530-1531 [4th Dept 2021], lv denied 37 NY3d 957 [2021]). Further, defendant failed to establish that expert testimony on the victim's mental health condition was available (see People v Jones, 147 AD3d 1521, 1521 [4th Dept 2017], lv denied 29 NY3d 1033 [2017]), that such expert testimony would have assisted the jury, or that he was prejudiced by its absence (see People v West, 118 AD3d 1450, 1451 [4th Dept 2014], lv denied 24 NY3d 1048 [2014]).
We also reject defendant's contention that defense counsel was ineffective in failing to recall one of the victims to question her regarding whether she had previously engaged in rough sex with defendant. Defendant failed to demonstrate the absence of a strategic explanation for defense counsel's failure to recall that victim for that purpose (see generally People v Spencer, 262 AD2d 1062, 1062 [4th Dept 1999], lv denied 94 NY2d 829 [1999]). Indeed, defense counsel may have wanted to avoid the possibility of the victim contradicting defendant's later testimony that the victim enjoyed rough sex (see generally People v Rivera, 71 NY2d 705, 708-709 [1988]). " '[A] simple disagreement with strategies, tactics or the scope of possible cross-examination, weighed long after the trial,' " does not rise to the level of ineffective assistance (People v Biro, 85 AD3d 1570, 1571 [4th Dept 2011]; see People v Healy, 182 AD3d 1014, 1015 [4th Dept 2020], lv denied 35 NY3d 1045 [2020]).
Defendant's contention that defense counsel was ineffective for failing to inform him about the Rape Shield Law at the time he rejected the plea offer involves matters outside the record on appeal and must be raised by way of a CPL article 440 motion (see People v Defio, 200 AD3d 1672, 1674 [4th Dept 2021], lv denied 38 NY3d 949 [2022]; People v Timmons, 151 AD3d 1682, 1684 [4th Dept 2017], lv denied 30 NY3d 984 [2017]).
We reject defendant's remaining allegations of ineffective assistance of counsel. Viewing defense counsel's representation as a whole and as of the time of the representation, we conclude that defendant "was afforded meaningful representation" (People v Bynum, 125 AD3d 1278, 1279 [4th Dept 2015], lv denied 26 NY3d 927 [2015]).
Finally, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that, contrary to defendant's contention, the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]; People v Muscarella, 132 AD3d 1288, 1289 [4th Dept 2015], lv denied 26 NY3d 1147 [2016]).
Entered: October 7, 2022
Ann Dillon Flynn
Clerk of the Court