People v Thornton (2023 NY Slip Op 00783)

People v Thornton

2023 NY Slip Op 00783

Decided on February 10, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, BANNISTER, AND MONTOUR, JJ.

1005 KA 18-00445

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRANDON THORNTON, DEFENDANT-APPELLANT. 

ERIK TEIFKE, ACTING PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KAYLAN C. PORTER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered November 6, 2017. The judgment convicted defendant upon his plea of guilty of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of murder in the second degree (Penal Law § 125.25 [3]), defendant contends that his sentence is unduly harsh and severe and that he was deprived of effective assistance of counsel by the attorney who was appointed by County Court to represent him on his motion to withdraw his plea. As the People correctly concede, defendant did not validly waive his right to appeal because "[t]he written waiver of the right to appeal signed by defendant [at the time of the plea] and the verbal waiver colloquy conducted by [the court] together improperly characterized the waiver as 'an absolute bar to the taking of a direct appeal and the loss of attendant rights to counsel and poor person relief,' as well as to 'all postconviction relief separate from the direct appeal' " (People v McMillian, 185 AD3d 1420, 1421 [4th Dept 2020], lv denied 35 NY3d 1096 [2020], quoting People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]). Nevertheless, we perceive no basis in the record to exercise our power to modify the sentence as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]).
With respect to defendant's claim of ineffective assistance of counsel, we agree with defendant that the attorney assigned to represent him on his motion to withdraw his plea lacked basic knowledge of the case, including that defendant had admitted to the police in a video recorded interview that he shot the victim but claimed that he did so under duress. To prevail on a claim of ineffective assistance of counsel, however, "a defendant must demonstrate the absence of strategic or other legitimate explanations for counsel's failure to pursue 'colorable' claims" (People v Garcia, 75 NY2d 973, 974 [1990], quoting People v Rivera, 71 NY2d 705, 709 [1988]; see People v Carver, 124 AD3d 1276, 1276 [4th Dept 2015], affd 27 NY3d 418 [2016]). A defendant is not denied effective assistance of counsel due to his counsel's failure to "make a motion or argument that has little or no chance of success" (People v Stultz, 2 NY3d 277, 287 [2004], rearg denied 3 NY3d 702 [2004]; see People v Brown, 181 AD3d 1301, 1304 [4th Dept 2020], lv denied 35 NY3d 1064 [2020]).
Here, according to defendant, his attorney on the motion should have argued that his guilty plea was involuntarily entered because defendant was not advised by his prior attorney of the potential affirmative defense of duress. In other words, defendant contends that his attorney on the motion was ineffective for failing to argue that his prior attorney was ineffective. Although there is evidence in the record upon which a duress defense could have been pursued at trial had defendant not elected to plead guilty, there is no basis for us to conclude that defendant was unaware of that potential affirmative defense when he pleaded guilty or that his prior [*2]attorney failed to consult with him about the defense. Thus, defendant's contention must be raised, if at all, in a motion pursuant to CPL 440.10 (see People v Saunders, 209 AD3d 1292, 1293 [4th Dept 2022]; People v Defio, 200 AD3d 1672, 1674 [4th Dept 2021], lv denied 38 NY3d 949 [2022]; People v Timmons, 151 AD3d 1682, 1684 [4th Dept 2017], lv denied 30 NY3d 984 [2017]).
Entered: February 10, 2023
Ann Dillon Flynn
Clerk of the Court