People v Diggs (2024 NY Slip Op 02412)

People v Diggs

2024 NY Slip Op 02412

Decided on May 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, BANNISTER, GREENWOOD, AND NOWAK, JJ.

159 KA 22-01824

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KARL O. DIGGS, DEFENDANT-APPELLANT. 

THOMAS L. PELYCH, HORNELL, FOR DEFENDANT-APPELLANT.
BRITTANY GROME ANTONACCI, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered October 6, 2022. The judgment convicted defendant upon a jury verdict of robbery in the first degree and criminal possession of a weapon in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [3]) and criminal possession of a weapon in the third degree (§ 265.02 [1]).
We reject defendant's contention that he was deprived of effective assistance of counsel by defense counsel's failure to make a timely pretrial motion for a Mapp hearing. The failure to make a particular pretrial motion generally does not, by itself, establish ineffective assistance of counsel (see People v Rivera, 71 NY2d 705, 709 [1988]). Here, there was little or no chance that the motion, even if timely, would have been successful (see generally People v Thornton, 213 AD3d 1332, 1333 [4th Dept 2023], lv denied 39 NY3d 1157 [2023]). Moreover, viewing the evidence, the law, and the circumstances of the case together and as of the time of representation, we conclude that defense counsel provided meaningful representation (see People v Satterfield, 66 NY2d 796, 798-800 [1985]; People v Spencer, 209 AD2d 1011, 1011 [4th Dept 1994], lv denied 84 NY2d 1039 [1995]).
Contrary to defendant's further contention, his sentence is not unduly harsh or severe.
Entered: May 3, 2024
Ann Dillon Flynn
Clerk of the Court