People v Johnson (2024 NY Slip Op 04687)

People v Johnson

2024 NY Slip Op 04687

Decided on September 27, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, GREENWOOD, NOWAK, AND KEANE, JJ.

625 KA 19-01388

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAVID JOHNSON, DEFENDANT-APPELLANT. (APPEAL NO. 2.) 

SARAH S. HOLT, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered May 31, 2019. The judgment convicted defendant upon his plea of guilty of manslaughter in the first degree and robbery in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]) and robbery in the first degree (§ 160.15 [4]), defendant contends that his sentence is unduly harsh and severe. As the People correctly concede, defendant did not validly waive his right to appeal because "[t]he written waiver of the right to appeal signed by defendant [at the time of the plea] and the verbal waiver colloquy conducted by [County Court] together improperly characterized the waiver as 'an absolute bar to the taking of a direct appeal and the loss of attendant rights to counsel and poor person relief,' as well as to 'all postconviction relief separate from the direct appeal' " (People v McMillian, 185 AD3d 1420, 1421 [4th Dept 2020], lv denied 35 NY3d 1096 [2020], quoting People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; see People v Thornton, 213 AD3d 1332, 1332 [4th Dept 2023], lv denied 39 NY3d 1157 [2023]). Nevertheless, we perceive no basis in the record to exercise our power to modify the sentence as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]). We note, however, that the certificate of disposition must be amended to correct a clerical error (see People v Brown, 221 AD3d 1565, 1566 [4th Dept 2023]; People v Thurston, 208 AD3d 1629, 1630 [4th Dept 2023]). The certificate of disposition erroneously states that defendant was sentenced to a determinate term of 25 years' imprisonment on count 4, robbery in the first degree, and should be amended to correctly reflect that defendant was sentenced to a determinate term of five years' imprisonment on that count.
Entered: September 27, 2024
Ann Dillon Flynn
Clerk of the Court