■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW STOBY, Appellant. [771 NYS2d 623]—

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered January 27, 2003. The judgment convicted defendant, upon a jury verdict, of attempted assault in the first degree, assault in the second degree, reckless endangerment in the first degree, and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]), assault in the second degree (§ 120.05 [2]), reckless endangerment in the first degree (§ 120.25), and criminal possession of a weapon in the third degree (§ 265.02 [1]). Defendant failed to preserve for our review his contention that the evidence is legally insufficient to disprove his justification defense inasmuch as his motion to dismiss was not " 'specifically directed' at the alleged error" advanced on appeal (*People v Gray*, 86 NY2d 10, 19 [1995], quoting *People v Cona*, 49 NY2d 26, 33 n 2 [1979]; *see also People v Candelaria*, 206 AD2d 385 [1994], *lv denied* 84 NY2d 933 [1994]). Contrary to defendant's further contention, the verdict is not against the weight of the evidence in that respect (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

Defendant contends that the judgment insofar as it convicted him of attempted assault in the first degree should be reversed because the evidence is legally insufficient to establish that he attempted to cause serious physical injury. We reject that contention. "Intent may be inferred from defendant's conduct and the surrounding circumstances" (*People v Taylor*, 163 AD2d 902, 903 [1990], *lv denied* 76 NY2d 944 [1990]). In order to be found guilty of attempting to commit a crime, a defendant must have "engaged in conduct that came 'dangerously near' commission of the completed crime" (*People v Kassebaum*, 95 NY2d 611, 618 [2001], *cert denied* 532 US 1069 [2001], *rearg denied*

96 NY2d 854 [2001]). Viewing the evidence in the light most favorable to the People (*see People v Contes,* 60 NY2d 620, 621 [1983]), we conclude that the evidence that defendant swung a knife and stabbed the victim in the back is legally sufficient to establish that he intended to cause serious physical injury. Indeed, defendant admitted that he had a knife in his hand when he approached the victim. Finally, under the circumstances of this case, we reject defendant's contention that the sentence imposed on the conviction of attempted assault in the first degree is unduly harsh and severe. Present—Pigott, Jr., P.J., Green, Pine, Hurlbutt and Scudder, JJ.