◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SIMPSON, Appellant. [826 NYS2d 547]—

Appeal from a judgment of the Supreme Court, Erie County (Mario J. Rossetti, A.J.), rendered November 15, 2004. The judgment convicted defendant, after a nonjury trial, of manslaughter in the first degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a nonjury trial of manslaughter in the first degree (Penal Law § 125.20 [1]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). Defendant failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence based on the applicability of the justification defense (see People v Gray, 86 NY2d 10, 19 [1995]; People v Stoby, 4 AD3d 766 [2004], lv denied 2 NY3d 807 [2004]). We reject the further contention of defendant that the conviction is not supported by legally sufficient evidence because his conduct was reckless, not intentional (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The evidence that defendant stabbed the victim multiple times is legally sufficient to establish that defendant intended to cause serious physical injury to the victim (see People v Gill, 20 AD3d 434 [2005]). Contrary to defendant's further contention, the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).

We reject the contention of defendant that reversal is required because the CPL 710.30 notice did not provide him with adequate notice that his oral statements would be introduced at trial. The CPL 710.30 notice referred to the oral statements, and the People were not required to "give a verbatim report of the complete oral statement[s] in their CPL 710.30 notice" (People v Laporte, 184 AD2d 803, 804 [1992], lv denied 80 NY2d

905 [1992]; *see People v Reinard*, 244 AD2d 936 [1997], *lv denied* 91 NY2d 896 [1998]). In any event, "[t]he purpose of the statute will be served when the defendant is provided an opportunity to challenge the admissibility of the statement[s]" (*Laporte*, 184 AD2d at 804). Here, defendant sought suppression of his statements and had a full opportunity to challenge their admissibility at the suppression hearing (*see People v Rodriguez*, 21 AD3d 1400 [2005]; *People v Sturiale*, 262 AD2d 1003, 1004 [1999], *lv denied* 94 NY2d 830 [1999]). Contrary to defendant's further contention, Supreme Court properly refused to suppress the oral statements inasmuch as they were not the product of custodial interrogation (*see People v Sachs*, 15 AD3d 1005, 1006-1007 [2005], *lv denied* 5 NY3d 768 [2005]; *see generally People v Paulman*, 5 NY3d 122, 129 [2005]).

Reversal is not required on the ground that defendant's written waiver of a jury trial is not included in the record on appeal inasmuch as the transcript indicates that defendant executed a written waiver. "There is a presumption of regularity that attaches to judicial proceedings, and . . . defendant failed to rebut the presumption that a written waiver of the right to a jury trial was executed" (*People v Chacon*, 11 AD3d 906, 907 [2004], *lv denied* 3 NY3d 755 [2004]). Defendant failed to preserve for our review his contention that he was illegally sentenced as a second felony offender based on the People's failure to file a statement pursuant to CPL 400.21 (2) (*see People v Pellegrino*, 60 NY2d 636 [1983]; *People v Beu*, 24 AD3d 1257 [2005], *lv denied* 6 NY3d 809 [2006]). In any event, defendant's contention lacks merit. Defendant expressly waived that filing and thus waived strict compliance with CPL 400.21 (*see People v Santiago*, 269 AD2d 770 [2000]; *People v Hall*, 233 AD2d 946 [1996], *lv denied* 89 NY2d 942 [1997]). Finally, the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Gorski, Centra and Green, JJ.