# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

314
KA 14-01513
PRESENT: SMITH, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                     MEMORANDUM AND ORDER

ERIC SMITH, DEFENDANT-APPELLANT.

---

KATHRYN FRIEDMAN, BUFFALO, FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered July 21, 2014. The judgment convicted defendant, upon a jury verdict, of assault in the first degree and criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the first degree (Penal Law §§ 20.00, 120.10 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [3]). We reject defendant's contention that the victim's in-court identification of him should have been precluded because of the People's failure to provide adequate notice pursuant to CPL 710.30. Even assuming, arguendo, that the People failed to comply with the notice provision of CPL 710.30, the record establishes that defendant moved to suppress the identification made by the victim, and that such motion was denied after a *Wade* hearing. Thus, "[s]ince the defendant here moved to suppress the identification testimony [of the victim] and received a full hearing on the fairness of the identification procedure, any alleged deficiency in the notice provided by the People was irrelevant" (*People v Kirkland*, 89 NY2d 903, 905; *see* CPL 710.30 [3]; *People v Green*, 90 AD3d 1151, 1152, *lv denied* 18 NY3d 994; *see generally People v Simpson*, 35 AD3d 1182, 1183, *lv denied* 8 NY3d 990). In any event, we conclude that any error in admitting identification testimony from the victim is harmless. The proof of defendant's guilt is overwhelming, and there is no significant probability that the jury would have acquitted defendant in the absence of the victim's identification of defendant (*see generally People v Arafet*, 13 NY3d 460, 467; *People v Crimmins*, 36

NY2d 230, 241-242).

Entered:  April 29, 2016                     Frances E. Cafarell
                                             Clerk of the Court