People v Quick (2020 NY Slip Op 05618)





People v Quick


2020 NY Slip Op 05618


Decided on October 9, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


358 KA 15-00980

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMES E. QUICK, JR., DEFENDANT-APPELLANT. 






MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES E. QUICK, JR., DEFENDANT-APPELLANT PRO SE.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered February 20, 2015. The judgment convicted defendant upon a jury verdict of murder in the second degree and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him following a jury trial of intentional murder in the second degree (Penal Law
§ 125.25 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [1] [b]), defendant contends in his main and pro se supplemental briefs that he was deprived of effective assistance of counsel because his trial attorneys failed to request that manslaughter in the second degree and criminally negligent homicide be submitted to the jury as lesser included offenses of intentional murder in the second degree. We reject that contention.
While attempting to exit a store, defendant and a companion were each punched by members of a group of six men. In response, defendant pulled out a gun and fired three shots toward the door where the group of men were gathered. One of those men was struck by one of the bullets and died as a result. That man had not thrown either of the punches, but he was with the group of men by the door. The shooting was captured on a store surveillance video that was played for the jury, and defendant admitted at trial that he shot the victim. Defense counsel argued to the jury that defendant did not intend to kill the victim and, in the alternative, that defendant was justified in doing so. We agree with defendant that there is a reasonable view of the evidence that he acted recklessly and not intentionally when he shot the victim, and that defendant would thus have been entitled to a jury charge of manslaughter in the second degree as a lesser included offense if it had been requested (see People v Garcia, 114 AD2d 423, 423 [2d Dept 1985], lv denied 67 NY2d 651 [1986]; see generally CPL 300.50 [1]; People v Glover, 57 NY2d 61, 63 [1982]). It is a closer call whether defendant would also have been entitled to a jury charge of criminally negligent homicide as a lesser included offense. Regardless, we conclude that it was not unreasonable for defense counsel to adopt an " 'all-or-nothing' " strategy at trial (People v Lane, 60 NY2d 748, 750 [1983]; see People v Collins, 167 AD3d 1493, 1498 [4th Dept 2018], lv denied 32 NY3d 1202 [2019]; People v McFadden, 161 AD3d 1570, 1571 [4th Dept 2018], lv denied 31 NY3d 1150 [2018]).
Indeed, had the jury concluded that defendant acted recklessly or negligently and not intentionally, it would have acquitted defendant of murder in the second degree and would not have been able to find him guilty of a lesser offense. Thus, defendant has failed " 'to demonstrate the absence of strategic or other legitimate explanations' for defense counsel's allegedly deficient conduct" (McFadden, 161 AD3d at 1571, quoting People v Rivera, 71 NY2d [*2]705, 709 [1988]). We have reviewed defendant's remaining contentions in his main and pro se supplemental briefs that he was deprived of effective assistance of counsel and conclude that they are without merit. Viewing the evidence, the law, and the circumstances of this case in their totality at the time of the representation, we conclude that defense counsel provided meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Defendant failed to preserve for our review his contention in his main brief that Supreme Court, in charging the jury on justification, failed to instruct the jury that, in assessing whether defendant reasonably believed that the victim was using or about to use deadly physical force, consideration should be given to all the surrounding circumstances. Because the court read the justification charge verbatim from the pattern Criminal Jury Instructions (see e.g. People v Burman, 173 AD3d 1727, 1729 [4th Dept 2019]; People v Muscarella, 132 AD3d 1288, 1289 [4th Dept 2015], lv denied 26 NY3d 1147 [2016]), we decline to exercise our power to address defendant's unpreserved contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
We reject defendant's contention in his main brief that his sentence is unduly harsh and severe.
In his pro se supplemental brief, defendant contends that he was constructively denied the right to counsel at the grand jury stage of the proceedings because defense counsel did not consult with him regarding whether he should testify before the grand jury. We agree with the People that defendant's contention involves matters that are outside the record on appeal and thus must be raised, if at all, by way of a CPL article 440 motion (see People v Balenger, 70 AD3d 1318, 1318 [4th Dept 2010], lv denied 14 NY3d 885 [2010]; People v Frazier, 63 AD3d 1633, 1634 [4th Dept 2009], lv denied 12 NY3d 925 [2009]). Because the minutes of the grand jury proceeding are not included in the record on appeal, defendant's further contention in his pro se supplemental brief that the People should have instructed the grand jury on the justification defense is similarly based on matters outside the record.
We have reviewed defendant's remaining contentions in his pro se supplemental brief and conclude that none requires reversal or modification of the judgment.
Entered: October 9, 2020
Mark W. Bennett
Clerk of the Court