People v Porter (2021 NY Slip Op 07363)





People v Porter


2021 NY Slip Op 07363


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


816 KA 16-01771

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TONI A. PORTER, DEFENDANT-APPELLANT. 






BRIDGET L. FIELD, ROCHESTER, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DEREK HARNSBERGER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered April 25, 2016. The judgment convicted defendant upon her plea of guilty of criminal possession of a controlled substance in the fifth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting her upon a plea of guilty of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [2]), defendant contends that Supreme Court erred in refusing to suppress her statements to the police and certain physical evidence that the officers observed during a protective sweep of her house. Even assuming, arguendo, that the court's statements during the plea proceeding establish that before defendant entered her plea the court "implicitly but conclusively denied that part of defendant's omnibus motion seeking to suppress physical evidence and statements that [s]he made to the police" (People v Gates, 152 AD3d 1222, 1223 [4th Dept 2017], affd 31 NY3d 1028 [2018]) and thus that the suppression issues are properly before us (see CPL 710.70 [2]; see generally People v Elmer, 19 NY3d 501, 509 [2012]), we conclude that the court properly refused to suppress the fruits of the search.
Here, the record from the suppression hearing establishes that several police officers responded to a notification that a burglar alarm had been activated at the rear door of a location that was defendant's residence. Upon arrival, the officers found that the door was ajar. They yelled into the house, but no one responded. The officers thereafter conducted a security sweep of the house, during which they located a weapon. Defendant later made statements to the police. We conclude that, because "the officers had reasonable grounds to believe that there was an emergency at the [residence] requiring their immediate assistance for the protection of life or property" (People v McKnight, 261 AD2d 926, 926 [4th Dept 1999], lv denied 94 NY2d 826 [1999]), they "were not 'constitutionally precluded from conducting a protective sweep to ascertain whether any armed [or injured] persons were inside' " (People v Junious, 145 AD3d 1606, 1608-1609 [4th Dept 2016], lv denied 29 NY3d 1033 [2017], reconsideration denied 29 NY3d 1129 [2017]).
Defendant failed to address in her brief on appeal the remaining grounds for suppression that she raised in the motion court, and we thus deem any contentions with respect thereto abandoned (see generally People v Dombrowski, 87 AD3d 1267, 1267 [4th Dept 2011]).
We reject defendant's further contention that the court erred in refusing to hold a Franks/Alfinito hearing with respect to the search warrant application used to secure a search warrant following the protective sweep (see Franks v Delaware, 438 US 154 [1978]; People v Alfinito, 16 NY2d 181 [1965]). Defendant failed to make " 'a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard of the truth, was included by the affiant in the [search] warrant affidavit, and . . . [that such] statement [was] [*2]necessary to the finding of probable cause' " (People v Binion, 100 AD3d 1514, 1514-1515 [4th Dept 2012], lv denied 21 NY3d 911 [2013], quoting Franks, 438 US at 155-156; see People v Barnes, 139 AD3d 1371, 1373-1374 [4th Dept 2016], lv denied 28 NY3d 926 [2016]; see generally People v Tambe, 71 NY2d 492, 504 [1988]).
Defendant's contention that she was denied effective assistance of counsel does not survive her plea of guilty because she has not established that any deficiencies in defense counsel's performance infected the plea bargaining process or that she ultimately decided to enter the plea based on defense counsel's allegedly poor performance (see People v Goforth, 122 AD3d 1310, 1310 [4th Dept 2014], lv denied 25 NY3d 951 [2015]; see also People v Ware, 159 AD3d 1401, 1402 [4th Dept 2018], lv denied 31 NY3d 1122 [2018]).
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court