People v Wilson (2023 NY Slip Op 00551)

People v Wilson

2023 NY Slip Op 00551

Decided on February 3, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, BANNISTER, AND MONTOUR, JJ.

833 KA 16-01614

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CEDRICK K. WILSON, DEFENDANT-APPELLANT. 

JEFFREY WICKS, PLLC, ROCHESTER (JEFFREY WICKS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered January 19, 2016. The judgment convicted defendant upon a jury verdict of attempted burglary in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him following a jury trial of attempted burglary in the first degree (Penal Law
§§ 110.00, 140.30 [4]), defendant contends that County Court should have suppressed the victim's in-court identification as unreliable. Because defendant did not move to suppress on that ground, however, his contention is unpreserved for our review (see CPL 470.05 [2]). The only ground for suppression advanced by defendant in his omnibus motion and at the Wade hearing was that the prior photographic identification procedure was impermissibly suggestive, a contention defendant has abandoned on appeal (see generally People v Porter, 200 AD3d 1599, 1600 [4th Dept 2021], lv denied 38 NY3d 953 [2022]).
Defendant further contends that the verdict is against the weight of the evidence. We reject that contention. When the crime was committed, defendant was on parole and wearing an ankle device that tracked his movements with GPS. The undisputed evidence at trial established that defendant was within a radius of 50 feet of the victim's house at the exact time that the attempted burglary took place, and that defendant did not live on that street. Defendant circled the victim's block immediately before the crime and left the street immediately after.
Moreover, although the man with a gun who attempted to break into the victim's house wore a mask, the victim identified defendant as the gunman by his "distinctive" eyes in a photograph shown to him by an investigator along with photographs of five other people, and the victim also identified defendant in court as the gunman. Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that, although an acquittal would not have been unreasonable, it cannot be said that the jury failed to give the evidence the weight it should be accorded (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Finally, defendant contends that he was deprived of effective assistance of counsel because, among other reasons, his trial attorney failed to explore the fact that the witness had been shown a full-face photograph of defendant during the photographic identification procedure. We disagree. Defense counsel vigorously cross-examined the victim about the out-of-court identification and challenged the reliability of the in-court identification during his summation. Defendant does not specify what else defense counsel could or should have done to explore the issue. Defendant's remaining complaints about defense counsel's performance are based on "matters that are outside the record on appeal and thus must be raised, if at all, by way of a CPL [*2]article 440 motion" (People v Quick, 187 AD3d 1612, 1614 [4th Dept 2020], lv denied 36 NY3d 1053 [2021]; see generally People v Timmons, 151 AD3d 1682, 1684 [4th Dept 2017], lv denied 30 NY3d 984 [2017]).
Although defense counsel's performance at trial was not flawless, viewing the evidence, the law, and the circumstances of this case as a whole and as of the time of the representation, we conclude that defendant was afforded meaningful representation (see People v Baldi, 54 NY2d 137, 147 [1981]).
Entered: February 3, 2023
Ann Dillon Flynn
Clerk of the Court