People v Peace (2025 NY Slip Op 00582)

People v Peace

2025 NY Slip Op 00582

Decided on January 31, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, OGDEN, DELCONTE, AND HANNAH, JJ.

904 KA 22-00048

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DERRICK PEACE, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered October 8, 2021. The judgment convicted defendant upon a jury verdict of attempted murder in the second degree (two counts), assault in the first degree, assault in the second degree, and criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), one count of assault in the first degree (§ 120.10 [1]), one count of assault in the second degree (§ 120.05 [2]), and two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]), arising from defendant's shooting of two victims on the front porch of a residence. We affirm.
Defendant contends that the verdict is against the weight of the evidence on the issue of identity. Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Here, the " '[i]ssues of identification and credibility, including the weight to be given to inconsistencies in testimony, were properly considered by the jury[,] and there is no basis for disturbing its determinations' " (People v Odums, 121 AD3d 1503, 1504 [4th Dept 2014], lv denied 26 NY3d 1042 [2015]).
Defendant contends that County Court erred in denying that part of his omnibus motion seeking to suppress identification testimony on the ground that the photo arrays shown to the victims were unduly suggestive. Assuming, arguendo, that the contention is preserved for our review (see CPL 470.05 [2]), we reject it. Because "the subjects depicted in the photo array[s were] sufficiently similar in appearance so that the viewer[s'] attention [was] not drawn to any one photograph in such a way as to indicate that the police were urging a particular selection," the photo arrays themselves were not unduly suggestive (People v Quinones, 5 AD3d 1093, 1093 [4th Dept 2004], lv denied 3 NY3d 646 [2004]; see People v Moss, 232 AD3d 1327, 1327 [4th Dept 2024]).
Finally, defendant contends that he was deprived of effective assistance of counsel because, among other reasons, defense counsel failed to call an expert witness to testify about problems with the victims' eyewitness identifications. We reject that contention. Defense counsel vigorously cross-examined the victims about their ability to see the shooting and about their out-of-court identifications and challenged the reliability of their in-court identifications during his summation. Viewing the evidence, the law and the circumstances of this case as a whole and as of the time of the representation, we conclude that defendant was afforded [*2]meaningful representation (see People v Baldi, 54 NY2d 137, 147 [1981]; People v Wilson, 213 AD3d 1217, 1218-1219 [4th Dept 2023], lv denied 39 NY3d 1158 [2023]).
Entered: January 31, 2025
Ann Dillon Flynn
Clerk of the Court