People v Rodriguez (2025 NY Slip Op 01446)

People v Rodriguez

2025 NY Slip Op 01446

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, DELCONTE, AND HANNAH, JJ.

27 KA 20-01570

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
INDALECCIO RODRIGUEZ, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALLISON V. MCMAHON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
MICHAEL J. KEANE, ACTING DISTRICT ATTORNEY, BUFFALO (MINDY F. VANLEUVAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered March 11, 2020. The judgment convicted defendant upon a jury verdict of attempted murder in the second degree and assault in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him following a jury trial of attempted murder in the second degree (Penal Law
§§ 110.00, 125.25 [1]) and assault in the first degree (§ 120.10 [1]), defendant contends that Supreme Court erred in failing to suppress the victim's identification of him as unreliable. As defendant correctly concedes, however, he did not move to suppress on that ground and his contention is therefore unpreserved for our review (see CPL 470.05 [2]; People v Wilson, 213 AD3d 1217, 1218 [4th Dept 2023], lv denied 39 NY3d 1158 [2023]).
Contrary to defendant's further contention, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the conviction is supported by legally sufficient evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Notably, and contrary to defendant's contention, testimony from the shooting victim reflected that the victim recognized his assailant as his friend's neighbor, i.e., defendant, prior to shots being fired. Further, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that, although an acquittal would not have been unreasonable, it cannot be said that the jury failed to give the evidence the weight it should be accorded (see generally Bleakley, 69 NY2d at 495).
We likewise reject defendant's further contention that he was denied a fair trial when the prosecutor allegedly engaged in improper burden-shifting during closing argument. Contrary to defendant's contention, the prosecutor did not improperly suggest that defendant needed to establish an alibi in order to demonstrate his innocence, and instead the prosecutor's remarks were directed at arguing to the jury that the alibi that defendant provided was not credible (see generally People v Jarvis, 113 AD3d 1058, 1060 [4th Dept 2014], affd 25 NY3d 968 [2015]). In any event, even if improper, the prosecutor's limited remarks "were not so pervasive or egregious as to deprive defendant of a fair trial" (People v Jones, 114 AD3d 1239, 1241 [4th Dept 2014], lv denied 23 NY3d 1038 [2014], lv denied 25 NY3d 1166 [2015]; see People v Sivertson, 129 AD3d 1467, 1469 [4th Dept 2015], affd 29 NY3d 1006 [2017], cert denied 583 US 926 [2017]). Defendant failed to preserve for our review his remaining contentions regarding alleged instances of prosecutorial misconduct during trial, and we decline to reach those contentions as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Contrary to defendant's further contention, we conclude that he received effective [*2]assistance of counsel. Defense counsel's failure to call an expert regarding the reliability of eyewitness identifications (see People v Freeman, 206 AD3d 1694, 1695 [4th Dept 2022]), his decisions regarding the cross-examination of the victim (see generally People v Keane, 221 AD3d 1586, 1588 [4th Dept 2023]), and his decision to pursue a Wade hearing but not a Rodriguez hearing (see People v Hoffman, 162 AD3d 1753, 1756 [4th Dept 2018], lv denied 32 NY3d 1065 [2018]) were all matters of trial strategy for which counsel cannot be deemed ineffective. In light of the theory of the defense, i.e., that defendant did not commit any crime and that he had been misidentified, it was likewise not ineffective for defense counsel to fail to argue that the counts of which defendant was convicted should have been presented to the jury in the alternative (see People v Collins, 167 AD3d 1493, 1498 [4th Dept 2018], lv denied 32 NY3d 1202 [2019]). To the extent that defendant asserts that defense counsel was ineffective for failing to address alleged deficiencies in the People's notices pursuant to CPL 710.30, we note that defense counsel moved for a Wade hearing on the ground that the identification procedure was unnecessarily suggestive, the court held that hearing, and "[t]he purpose of [CPL 710.30 was] served" (People v Simpson, 35 AD3d 1182, 1183 [4th Dept 2006], lv denied 8 NY3d 990 [2007]; see People v Maltese, 148 AD3d 1780, 1782 [4th Dept 2017], lv denied 29 NY3d 1093 [2017]), rendering "any alleged deficiency in the notice provided by the People . . . irrelevant" (People v Smith, 138 AD3d 1430, 1431 [4th Dept 2016], lv denied 27 NY3d 1155 [2016]). Although defendant is correct that defense counsel failed to move to redact a portion of a recorded interview played for the jury that mentioned defendant's prior incarceration, defense counsel's omission did not constitute ineffective assistance in light of counsel's prompt motion for a mistrial, which resulted in the court granting a curative instruction (see generally People v Meyers, 182 AD3d 1037, 1039 [4th Dept 2020], lv denied 35 NY3d 1028 [2020]). Furthermore, contrary to defendant's contention, defense counsel was not ineffective for failing to object to certain instances of alleged misconduct by the prosecutor at trial (see People v Wragg, 26 NY3d 403, 412 [2015]; People v Collins, 167 AD3d 1493, 1497-1498 [4th Dept 2018], lv denied 32 NY3d 1202 [2019]).
Contrary to defendant's further contention, we conclude that the sentence is not unduly harsh or severe, and we decline defendant's request to exercise our power to reduce the sentence as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]). We likewise decline to grant defendant's related request that we exercise our discretion to dismiss the assault count in the interest of justice.
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court