People v Wright
2026 NY Slip Op 04084
June 26, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JASHEEM Q. WRIGHT, DEFENDANT-APPELLANT. (APPEAL NO. 1.)

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 26, 2026
403 KA 22-01666
Present: Lindley, J.P., Curran, Ogden, Nowak, And Delconte, JJ.

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHAWN P. HENNESSY OF COUNSEL), FOR DEFENDANT-APPELLANT.
BRIAN D. SEAMAN, DISTRICT ATTORNEY, LOCKPORT (LAURA T. JORDAN OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Niagara County Court (John James Ottaviano, J.), rendered June 27, 2022. The judgment convicted defendant upon a plea of guilty of attempted criminal possession of a weapon in the second degree.
[*1]
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]). In appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of attempted assault in the second degree (§§ 110.00, 120.05 [1]).
In appeal No. 1, even assuming, arguendo, that defendant's waiver of the right to appeal is invalid and therefore does not preclude our review of his contention that County Court erred in refusing to suppress the gun recovered from his vehicle as the fruit of an unlawful search (see People v Langdon, 240 AD3d 1412, 1412 [4th Dept 2025], lv denied 44 NY3d 994 [2025]; People v Williams, 225 AD3d 1130, 1130 [4th Dept 2024], lv denied 42 NY3d 973 [2024]), we conclude that defendant's contention is unpreserved for our review inasmuch as he did not move for suppression on that ground (see People v Rodriguez, 236 AD3d 1306, 1307 [4th Dept 2025], lv denied 43 NY3d 1058 [2025]; People v Wilson, 213 AD3d 1217, 1218 [4th Dept 2023], lv denied 39 NY3d 1158 [2023]; see generally CPL 470.05 [2]). The only ground for suppression advanced by defendant was that his un-Mirandized statements to the police made following the discovery of the gun were the result of custodial interrogation, a contention defendant has abandoned on appeal (see Wilson, 213 AD3d at 1218; see generally People v Porter, 200 AD3d 1599, 1600 [4th Dept 2021], lv denied 38 NY3d 953 [2022]). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
In appeal No. 2, defendant raises no contentions with respect to the judgment, except to contend that he did not validly waive his right to appeal. Given the absence of any contentions that the judgment should be reversed or modified, we conclude that defendant's contention regarding the validity of his waiver of the right to appeal is academic, and we therefore dismiss the appeal from the judgment in appeal No. 2 (see People v Anderson, 243 AD3d 1286, 1287 [4th Dept 2025], lv denied 44 NY3d 1064 [2026]; People v Lewis, 232 AD3d 1316, 1316 [4th Dept 2024]; see generally People v Montreal [appeal No. 2], 213 AD3d 1255, 1256 [4th Dept 2023]).
Entered: June 26, 2026
Ann Dillon Flynn
Clerk of the Court